IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MIYANNA STAFFORD, et al.,            :
                                     :
        Plaintiffs,                  :
                                     :
v.                                   :        CIVIL ACTION NO.
                                     :        1:23-cv-00495-LMM
                                     :
BIRCHSTONE RESIDENTIAL INC.,         :
et al.,                              :
                                     :
        Defendants.                  :
                                     :

**ORDER**

This case arises from alleged breaches of a residential rental agreement. See generally Dkt. No. [4]. Plaintiffs originally sought to proceed *in forma pauperis*, see Dkt. No. [1], but on February 22, 2023, they paid the Court's filing fee.

The Court must consider whether it has subject-matter jurisdiction to hear a case, regardless of whether the issue is raised by the parties. See Wooden v. Bd. of Regents, 247 F.3d 1262, 1271 (11th Cir. 2001). Original jurisdiction of the district courts of the United States may be based on a claim arising out of the Constitution or laws of the United States (federal-question jurisdiction) or on diversity of citizenship of the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332. The Court has neither federal-question jurisdiction nor diversity jurisdiction over this action.

Although Plaintiffs state that 42 U.S.C. § 1983 applies here, Dkt. No. [4] ¶ 1, the allegation does not establish federal-question jurisdiction because none of the counts in the complaint assert a § 1983 claim, see id. ¶¶ 7-23. Moreover, even if there were a count alleging a § 1983 claim, § 1983 creates a private right of action only against those who violate the rights of others while acting "under color of state law," which means that the defendant must be a state actor. Charles v. Johnson, 18 F.4th 686, 693-94 (11th Cir. 2021). The defendants against whom Plaintiffs assert their claims—a property management company and the co-founder and president of the property management company—are plainly private actors. Dkt. No. [4] ¶¶ 5, 6. For these reasons, the Court finds that no § 1983 claim is pending in this case.

Section 1983 is the only federal cause of action referenced in the complaint. See generally Dkt. No. [4]. Therefore, the Court does not have federal-question jurisdiction over this action.

The Court also does not have diversity jurisdiction over this case. Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "The party wishing to assert diversity jurisdiction bears the burden of establishing that diversity exists." Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992) (citing Cameron v. Hodges, 127 U.S. 322 (1888)). "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003).

While Plaintiffs demand $500,300 for "general damages," the pleadings in fact assert damages that appear to total approximately $2,000, made up of things like late fees, administrative fees, fees incurred in applying for a new residence, and moving costs. See Dkt. No. [4] at 3-4. Plaintiffs have not made specific allegations for the Court to consider regarding potential emotional damages, and the Court may not speculate. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754-55 (11th Cir. 2010). And even if Plaintiffs had asserted a claim for emotional damages, such damages are available as a result of a breach of contract only in limited circumstances that do not apply here. See Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1200-03 (11th Cir. 2007). The Court therefore concludes that the amount in controversy is insufficient to give rise to diversity jurisdiction.

Given that this case arises from a dispute over a $200 fee imposed for a putative lease violation, the Court finds no grounds for determining that Plaintiffs could amend their complaint to allege in good faith an amount in controversy exceeding $75,000, nor is there any basis here for a finding that more careful pleading could result in a plausible federal claim. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for want of subject-matter jurisdiction so that it may be more appropriately filed in state court.

**IT IS SO ORDERED** this 23rd day of February, 2023.

**Leigh Martin May**
**United States District Judge**